On May 11, 1979 the court entered the following order:
Before Friedman, Chief Judge, Bennett and Smith, Judges.
This case, which the Indian Claims Commission transferred to this court pursuant to 90 Stat. 1990, 25 U.S.C. §70v, is before the court on review of a decision by Trial Judge Schwartz. The trial judge denied reconsideration of the Commission’s dismissal of part of the case prior to transfer of the case to this court. In the dismissed claim, Exception 8 to an accounting report of the General Accounting Office dated June 27, 1963, the plaintiff challenged a finding in the report that $1,268,156.84, the amount the government paid to the plaintiff for 256,152.28 acres of land in the Red Lake Reservation it acquired pursuant to the Act of February 20, 1904, 33 Stat. 46, was the reasonable and actual value of the land. The Commission, on the government’s motion for summary judgment, ruled that a finding of fact in an earlier decision of this court, Chippewa Indians v. United States, 80 Ct. Cl. 410 (1935), aff’d, 301 U.S. 358 (1937), collaterally estopped the plaintiff from asserting Exception 8. The finding stated in part:
XXXI. The net proceeds of the sale of that part of the said reservation embracing 256,152 acres . . . amounted to $1,268,156.84, which amount was the reasonable and actual value of said lands on the effective date of said act of February 20, 1904.
80 Ct. Cl. at 454. The Commission concluded that, since the plaintiff was a party to that suit, it was collaterally estopped from challenging the finding. 29 Ind. Cl. Comm. 211, 235 (1972).
*656 The plaintiff did not file a timely motion for rehearing before the Commission. Instead, it filed a motion to amend the complaint to state Exception 8 as Count III of a new complaint. Alternatively, the plaintiff requested severance of the claim and certification of the dismissal as a final judgment. The Commission denied both the motion and the request. 35 Ind. Cl. Comm. 98, 112 (1974).
Following transfer of the case to this court, the plaintiff moved the trial judge to reconsider the Commission’s ruling and to hold that the claim stated in Exception 8 was not barred by collateral estoppel. Trial Judge Schwartz denied reconsideration of the Commission’s decision, and certified his decision to the court.[1]
The trial judge denied reconsideration of the Commission’s decision on the grounds that (1) the decision was deliberate, (2) it was on the merits, and (3) the Commission, in its denial of the plaintiffs motion to amend the complaint, reconsidered and reaffirmed that decision. The trial judge reasoned that an interlocutory decision of the Commission is comparable to a decision of a trial judge made prior to transfer of a case to another trial judge. He concluded that the decisions of the Commission in question should be regarded as the law of the case, and that a trial judge should not reconsider a Commission decision on the merits "except where the decision will affect proceedings within the control of the trial judge.” Trial Judge Schwartz concluded that the collateral estoppel issue would not so affect the remaining proceedings before him.
We agree with Trial Judge Schwartz that, without an express referral from the court, the trial judge has discretion not to reconsider a pre-transfer decision on the merits of a claim, at least where that decision has no effect on the remaining proceedings before him. We cannot say that the trial judge abused his discretion in this case. The trial judge noted, however, that early review of the *657 collateral estoppel issue would expedite the litigation and would be judicially more economical than deferral of review until a final judgment is rendered on the remaining exceptions to the GAO accounting report. Since the Commission’s decision to dismiss Exception 8 rested upon its interpretation and application of a prior decision of this court, we conclude that review is proper at this time.
Each party therefore is directed to file, within 60 days, a single supplemental brief on the merits of the Commission’s dismissal of Exception 8. Each brief shall discuss the following questions relating to the 1935 decision of this court:
(1)(a) was the value of the 256,152 acres an issue in that case;
Ob) if so, was the issue actually litigated and determined;
(2)(a) did finding XXXI rest entirely upon a stipulation of the parties, or upon evidence in the record;
Ob) did the parties to the stipulation dated September 23, 1929 manifest any intention that the stipulation be binding in a subsequent action;
(3)(a) does plaintiffs position as a co-defendant in the prior litigation preclude giving that decision collateral estoppel effect on the issue of value raised in Exception 8;
(b) did plaintiffs position diminish its opportunity or incentive to litigate the issue of value;
(c) were plaintiffs opportunity and incentive to litigate that issue sufficient to obtain a full and fair adjudication of the issue in the prior proceeding;
(4) was the determination of value in the prior proceeding necessary to support the final judgment in that proceeding;
(5) would application of the doctrine of collateral estop-pel to Exception 8 serve the policies underlying that doctrine?*

 Although the trial judge correctly observed that the Commission’s decision was "in its effect a final decision on the merits,” he certified his ruling pursuant to Rule 53(c)(2). The trial judge therefore treated the plaintiffs request and his ruling as procedural. Under Navajo Tribe v. United States, 220 Ct. Cl. 117, 597 F. 2d 1362 (1979), however, we look to the character and effect of a ruling to determine whether the motion was dispositive or procedural. In this case, the plaintiffs motion, if granted, would have made available to the plaintiff a claim the Commission had dismissed finally and with prejudice, and the motion thus was dispositive.

 See the opinion of the court filed October 17, 1979, reported at 221 Ct. Cl. 325, 607 F. 2d 930, as amended by order filed December 7, 1979.